O
LINK #221

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 05-501 PSG (MLGx) | Date | Sept. 9, 2008 |
|---|---|---|---|
| Title | Acacia Research Corp., et al. v. National Union Fire Ins. Co. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:   (In Chambers) Order on Plaintiffs' Motion to Increase the Supersedeas Bond Amount**

Before this Court is Plaintiffs' Motion to Increase the Supersedeas Bond Amount.  The Court finds the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; Local R. 7-15.

I.      BACKGROUND

Acacia Research Corp. ("Acacia") and Combimatrix Corp. ("Combimatrix" and collectively with Acacia, "Plaintiffs") sued National Union Fire Insurance Co. of Pittsburgh, Pennsylvania ("National Union") over an insurance coverage dispute, seeking reimbursement of litigation and settlement costs for a lawsuit under Combimatrix's Directors and Officers Insurance Policy ("Policy") provided by Defendant.  A Court trial for this case began on November 13, 2007 and concluded on December 7, 2007.  Then, on February 8, 2008, the Court issued its Findings of Fact and Conclusions of Law and ruled that Plaintiffs were entitled to $31,381,474.61 in damages, including pre-judgment interest.  This award did not include attorney's fees, costs or post-judgment interest.  On March 1, 2008, the Court entered a Judgment in favor of Plaintiffs based on its Findings of Fact and Conclusions of Law.  In that Judgment, the Court awarded Plaintiffs an additional $682,158.88 in prejudgment interest for the period between the beginning of trial on November 5, 2007 and February 29, 2008.  The total Judgment amount was set at $32,063,633.49.

Soon afterwards, on March 12, 2008, National Union posted a supersedeas bond in the amount of $35,269,996.00, which is approximately 110% of the initial Judgment. On March 19,

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 05-501 PSG (MLGx) | Date | Sept. 9, 2008 |
|---|---|---|---|
| Title | Acacia Research Corp., et al. v. National Union Fire Ins. Co. | | |

2008, the Court approved National Union's Bond, and the Court's approval order was entered on March 20, 2008.  On April 3, 2008, Plaintiffs were awarded $22,031.65 in costs, and on April 23, 2008, the Court further awarded Plaintiffs $3,550,157.52 in attorney's fees.

On May 20, 2008, National Union filed its notice of appeal to the Ninth Circuit Court of Appeals on each and every ruling and judgment made.  However, on May 22, 2008, the Court entered an Amended Judgment in the amount of $35,635,822.66 plus post-Judgment interest.  Subsequently, on June 11, 2008, Plaintiffs filed an amended notice of appeal to the Ninth Circuit.

II.     LEGAL STANDARD

Following the resolution of post-trial motions, Federal Rule of Civil Procedure 62(d) entitles a defendant to an automatic stay of enforcement during the disposition of any appeal by posting a supersedeas bond.  Fed. R. Civ. P. 62(d); *See Dillon v. City of Chicago*, 866 F.2d 902, 904 (7th Cir. 1988).  Rule 62(d) provides, subject to the exceptions contained in subdivision (a) of the rule, that "[i]f an appeal is taken, the appellant may obtain a stay by supersedeas bond . . . . The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal.  The stay takes effect when the court approves the bond."  Fed. R. Civ. P. 62(d).

Furthermore, in *Rachel v. Banana Republic, Inc.,* 831 F.2d 1503 (9th Cir.1987), the Ninth Circuit explained that "[d]istrict courts have inherent discretionary authority in setting supersedeas bonds; review is for an abuse of discretion. ... The purpose of a supersedeas bond is to secure the appellees from a loss resulting from the stay of execution and a full supersedeas bond should therefore be required."  *Id.* at 1505 f.n. 1 (*citing Miami Int'l Realty Co. v. Paynter*, 807 F.2d 871, 873 (10th Cir.1986)).

III.    DISCUSSION

The court has broad discretion when setting the amount for supersedeas bonds.  *See Rachel,* 831 F.2d at 1505 f.n. 1.  In Plaintiffs' own words, "Plaintiffs do not deny that this Court has wide discretion to determine the amount of the bond, and whether a lesser bond may effect a stay." (Reply, p. 4, lines 7-8.)  Furthermore, while filing the bond allows a party to obtain a stay as a matter of right, "[t]he court also has discretion to stay execution of judgment pending appeal without requiring a bond." *American Color Graphics, Inc. v. Travelers Property Cas. Ins. Co.,* 2007 WL 1520952 at 1 (N.D. Cal. 2007) (citations omitted).  *See also, Federal Prescription*

**O**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SA CV 05-501 PSG (MLGx) | Date | Sept. 9, 2008 |
|---|---|---|---|
| Title | Acacia Research Corp., et al. v. National Union Fire Ins. Co. | | |

*Serv., Inc. v. Am. Pharm. Ass'n,* 636 F.2d 755, 759-61 (D.C. Cir. 1980) (Rule 62 "in no way necessarily implies that filing a bond is the only way to obtain a stay."); *Townsend v. Holman Consulting Corp.*, 881 F.2d 788, 796 (9th Cir. 1989) ("[T]he district court has broad discretionary power to waive the bond requirement if it sees fit."), *vacated on reh'g on other grounds,* 929 F.2d 1358 (9th Cir.1990) (en banc).

The purpose of requiring the appellant to post a supersedeas bond is to "protect[] the prevailing plaintiff from the risk of a later uncollectible judgment and compensates him for delay in the entry of the final Judgment." *N.L.R.B. v. Westphal,* 859 F.2d 818, 819 (9th Cir.1988). The Court finds that requiring a bond in the amount of 110% of the Amended Judgment best serves the purposes of a supersedeas bond. Thus, the Court orders Defendant to post a total bond amount of $39,199,404.93.

In the instant case, the Court further notes that National Union failed to comply with Rule 62(d)'s requirement that the bond may be obtained "upon or after filing the notice of appeal or after obtaining the order allowing the appeal." Fed. R. Civ. P. 62(d). As Plaintiffs correctly note, National Union posted its bond on March 12, 2008 but did not file its notice of appeal until May 21, 2008. Had Nation Union waited to post its bond, it would have learned the amount of costs and attorney's fees that the Court would award to Plaintiffs. Thus, National Union cannot claim that they were surprised that costs and attorney's fees would increase the judgment amount.

IV.   <u>CONCLUSION</u>

For the foregoing reasons, the Court GRANTS Plaintiffs' Motion to Require National Union to Increase Supersedeas Bond. Defendant shall have 21 days from the date of entry of this order to post a supersedeas bond consistent with this order.

**IT IS SO ORDERED.**